## Kishbaugh v. Kishbaugh

*J. R. Smiley*, for libellant.

MORROW, J., June 16, 1941.—Libellant is asking for a decree annulling the marriage entered into by him and respondent. The eighth paragraph of the libel reads:

"The libellant avers that at the time of his marriage ceremony with the said Edna L. Kishbaugh, he, the said Terrel V. Kishbaugh, had heretofore entered into a marriage with another person, namely, Charlotte M. Knorr, which marriage was subsisting at the time of the marriage ceremony of the libellant or petitioner and the respondent in this case, and that the said marriage between the libellant, Terrel V. Kishbaugh, and the other person Charlotte M. Knorr still exists and has never been legally dissolved either by death of either of the parties or by a decree of court with proper jurisdiction."

Libellant testifies that he and respondent, Edna L. Kishbaugh, were married at St. Marys, Md., on February 16, 1932, and that they resided together until September 1939. He testifies further that, prior to this marriage, he obtained a divorce from his former wife at Reno, Nev., and he adds: "I saw in the paper about a Reno divorce

not being legal so I went and consulted an attorney and he said it isn't, so the only thing for me to do was to get it annulled." In answer to a question as to what he and his second wife did after obtaining this information he says:

"Well we decided the best thing to do was to have this marriage annulled so that neither one of us would be doing something wrong."

He says his first wife is living and, so far as he knows, she never obtained a divorce from him. This is substantially the whole of the testimony in the record supporting the eighth paragraph of the libel quoted above, upon which is based the request for the annulment decree. A certified copy of the divorce proceedings at Reno, Nev., was not offered in evidence. It was not proven whether or not the first wife appeared either in person or by attorney in this suit for divorce. It was not shown when or where the first marriage contract was entered into, nor where the parties to that contract resided after their marriage. For aught that is proven by the testimony, they may have been married in Nevada and may have resided there. The first wife may have recognized the Reno divorce as legal and acted accordingly. It does not appear that she was notified of this proceeding to annul that divorce, although it does appear in the testimony that she now lives at Berwick, Pa. Respondent herein now lives in Washington, D. C., and was served by publication.

Not only did libellant fail to prove essential facts, but he is also confronted with the question of estoppel. Attention is called to 17 Am. Jur., Divorce and Separation, §760, where it is said:

"The party who obtained the divorce, even though such a decree is not entitled to recognition in another state, is generally regarded as estopped from asserting the continuance of the matrimonial relation or otherwise attacking the decree in another state."

See also 19 C. J., Divorce, sec. 427, and Willetts v. Willetts, 12 Lehigh Co. L. J. 352. In the case cited it is said, inter alia (p. 370) :

". . . where, as here, the jurisdiction of a court depends upon the proof of certain facts and those facts are proven and a determination made upon those facts the adjudication thereby made should be binding upon the parties and particularly upon that party which invoked the jurisdiction of the court."

An exception is mentioned in case of appeal in a divorce action. Whether libellant could now question the jurisdiction of the Nevada court upon an appeal in the divorce proceeding in that court is a proposition not calling for consideration here, but see English v. English, 19 Pa. Superior Ct. 586. It is there said (p. 597) :

"As already intimated, it may be that the libellant is not estopped to deny the jurisdiction of the court, if the facts alleged in her libel show that the court had not jurisdiction, but, having solemnly sworn that she had resided in the state for one whole year before the filing of the amended libel, and that this was still her legal residence, she is estopped, on appeal, to deny the truth of those averments or to demand that a strained construction be put upon them in order to defeat the jurisdiction she invoked, and to nullify the decree she asked for."

The learned master filed a report in which he recommends that a decree be entered herein annulling the alleged marriage between libellant and respondent and declaring the same to be null and void. We cannot follow this recommendation.

### Order

And now, June 16, 1941, after consideration, a decree annulling the marriage entered into by libellant and respondent herein is refused and the libel is dismissed.